JAP:NR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

12 M 561

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

NAGA HARBHAM GODHANIYA,

        Defendant.

- - - - - - - - - - - - - - - - -X

C O M P L A I N T

(18 U.S.C. § 1546(a))

EASTERN DISTRICT OF NEW YORK, SS:

    ANDREW JACOB, being duly sworn, deposes and states that he is a Special Agent with United States Department of State, Diplomatic Security Service, duly appointed according to law and acting as such.

    Upon information and belief, on or about June 10, 2012, within the Eastern District of New York, defendant NAGA HARBHAM GODHANIYA did knowingly and willfully use and attempt to use a United States visa, knowing that said visa was procured by means of a false claim and statement and otherwise procured by fraud and unlawfully obtained.

    (Title 18, United States Code, Section 1546(a)).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. My information comes from a joint investigation by the United States Department of State and United States Customs and Border Protection ("CBP"). In the course of the investigation, I have spoken with other law enforcement agents and reviewed documents.

2. On or about June 10, 2012, the defendant NAGA HARBHAM GODHANIYA arrived at John F. Kennedy International Airport ("JFK") on Emirates Airlines Flight No. 201 originating from Dubai, United Arab Emirates. Upon arrival, the defendant presented to a CBP officer (a) an Indian passport, number #G5070817, and (b) a B1/B2 visa, Visa Foil No. E4800194, issued by the United States Department of State on May 22, 2012, at the U.S. Embassy in Mumbai, India.

3. Prior to defendant's arrival, CBP officers identified him for referral to secondary passport control because the defendant's travel plans appeared inconsistent with his application for the B1/B2 visa (the "Visa Application"). NAGA HARBHAM GODHANIYA's Visa Application claimed he was a marketing manager at an Indian company named "Bharti Beverages" and that he

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

was traveling to the United States to inspect water bottling machinery in Iowa for possible purchase.

4. CBP officers queried several law enforcement databases using information from defendant NAGA HARBHAM GODHANIYA's visa application. The law enforcement databases revealed that the individual named as a point of contact by the defendant in the Visa Application had also been used by at least two other visa applicants from India whose visa applications had been denied. One of those individual had identified himself as the marketing manager at "Bharti Industries."

5. Further database inquiries by CBP officers revealed that several Indian visa applicants had identified "Bharti Industries" or "Bharti Beverages" as their employer and had claimed they were traveling to the United States to inspect machinery. While most of these applicants were denied visas, three applicants successfully obtained visas and, of those three individuals, two are presently out-of-status and remain in the United States unlawfully.

6. Upon arrival, the defendant was taken to Passport Control Secondary for an admissibility interview, conducted by CBP officers.

7. The defendant stated, in substance and in part, that he would be visiting companies in New York and Iowa. He presented welcome letters from each company and a business card

3

from Bharti Beverages identifying himself as the marketing manager.

8. CBP officers asked the defendant how he intended to travel to Iowa. He stated, in sum and substance and in part, that he would purchase a plane ticket in New York, but noted that he had no idea how much such a ticket would cost. CBP officers also inquired about the defendant's role at Bharti Beverages. He stated, in sum and substance and in part, that he was responsible for purchasing the company's prior bottling machines and the maintenance thereof, but could provide no details about the machines or their purchases when he was asked.

9. Thereafter, the defendant admitted, in sum and substance and in part, that he did not work at Bharti Beverages and was actually a farmer. The defendant stated, in sum and substance and in part, his friend had completed the visa application for him and provided him with false business cards. The defendant then altered his account, stating in sum and substance and in part, that it was not a friend who had assisted, but someone he was told could assist with procuring a visa. NAGA HARBHAM GODHANIYA acknowledged that he was coming to the United States to seek employment.

10. Department of State agent and CBP officers subsequently interviewed the defendant NAGA HARBHAM GODHANIYA. Prior to commencing that interview, the defendant was advised of

4

his <u>Miranda</u> rights. The defendant stated that he understood his rights and agreed to waive those rights. He agreed to make a voluntary statement.

11. The defendant thereafter stated, in sum and substance and in part, that his associate in India had completed his visa application for him and provided him with false business cards and other documentation for Bharti Beverages. This individual had coached the defendant on what to say during his visa interview. The defendant stated that the following information on the Visa Application was false: (i) his employer; and (ii) the employment-related contact information included on the application.

WHEREFORE, your deponent respectfully requests that the defendant NAGA HARBHAM GODHANIYA be dealt with according to law.

_____
ANDREW JACOB
Special Agent
U.S. Department of State

Sworn to before me this
11th day of June, 2012

S/Reyes

THE HONORA___                    JR.
UNITED STA___
EASTERN DI___

5